|  |  |
|---|---|
|  | Hon. Marc Barreca<br>Everett Calendar<br>Hearing: July 31, 2019, 10:00 am<br>Response: July 24, 2019 |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| In re:<br><br>Ji Hyung Choi and Yvonne A Choi,<br><br>Debtors | Case No. 13-17353-MLB<br><br>**MOTION TO AVOID JUDGMENT LIEN** |
|---|---|

COME NOW the debtors, Ji Hyung Choi and Yvonne A Choi (the "Chois" or the "Debtors"), and move the Court for an order avoiding a judgment lien on their homestead. This motion is made pursuant to Bankruptcy Code §522(f), and is based on the accompanying Declaration of Ji Choi and the following:

1. This case was reopened on the Debtors' motion. No interim trustee was appointed in the reopened case.

2. The schedules of assets and liabilities filed by the Debtors in August 2013, as amended in September 2013, listed their residence, 20906 12th Ave W, Lynnwood, WA 98036 (the "Residence") with a value of $420,000. The schedules also listed a first deed of trust against the Residence in favor of Opus Bank ("Opus Bank") in the amount of $358,811.00, and a second deed of trust in favor of Green Tree in the amount of $75,555.95.

DECLARATION - 1

**DONALD A BAILEY**
Attorney at Law
1601 Fifth Ave., suite 610
Seattle, WA 98101
206 682 4802

3. The Debtors claimed the Residence as exempt pursuant to Bankruptcy Code §522(d)(1) in the amount of $1.00. The trustee did not object to the Debtors' exemption claim. The trustee did not administer the Residence.

4. The schedules also listed an unsecured claim of Opus Bank in the amount of $725,000. Opus Bank had been granted a judgment against the Debtors by the Snohomish County Superior Court on April 1, 2013 in the amount of $725,058.80. The judgment had been recorded in the Snohomish County Land Records on April 9, 2013, under recording number 201304090290. Accordingly, Opus Bank has a judicial lien on the Residence which survived the bankruptcy (the "Opus Bank Judgment Lien").

5. Pursuant to Bankruptcy Code §522(f), a debtor may avoid a judicial lien on exempt property, such as a homestead, to the extent the lien impairs an exemption to which the debtor is entitled. A lien impairs an exemption to the extent the amount of the lien, plus the amount of all other liens on the property, plus the amount of the exemption, exceeds the value of the property. That is the case here, as the amount of the debt secured by the first deed of trust and the second deed of trust, plus the exemption clam, exceeds the value of the Residence by $14,367.95. The relevant time to measure the value of the property is as of the petition date. *Culver v. Chiu (In re Chiu)*, 266 B.R. 743 (9th Cir. BAP 2001).

DECLARATION - 2

**DONALD A BAILEY**
Attorney at Law
1601 Fifth Ave., suite 610
Seattle, WA 98101
206 682 4802

Case 13-17353-MLB    Doc 34    Filed 06/19/19    Ent. 06/19/19 15:21:35    Pg. 2 of 3

6. Wherefore, the debtors respectfully request that the Court enter an order avoiding the Opus Bank Judgment Lien in full.

Dated: June 18, 2019

                                        DONALD A BAILEY
                                      Attorney at Law
                                        /s/ Donald A Bailey
                                        WSB#12289
                                        Attorney for Debtors

DECLARATION - 3

**DONALD A BAILEY**
Attorney at Law
1601 Fifth Ave., suite 610
Seattle, WA 98101
206 682 4802

Case 13-17353-MLB    Doc 34    Filed 06/19/19    Ent. 06/19/19 15:21:35    Pg. 3 of 3